UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL and MARLANA SCHULER,

       Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, INC.,
d/b/a AMERICA'S SERVICING COMPANY
and US BANK NATIONAL ASSOCIATION,
as Trustee for HEAT 2005-9,

       Defendants.
_____/

Hon. Victoria A. Roberts

Case No. 11-11501

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss and/or for

Summary Judgment. (Doc. 2).

The Court declines to consider the motion for summary judgment; this motion is

premature.

The motion for summary judgment is **DENIED** without prejudice.

The Court **GRANTS** the motion to dismiss in part, and **DENIES** the motion in

part.

**II.    BACKGROUND**

Plaintiffs' claims center around the alleged wrongful foreclosure of their home.

Plaintiffs allege they bought a home in 2005.  In 2008, their mortgage was assigned to

Defendant U.S. Bank National Association, as Trustee for HEAT 2005-9.  Defendant

1

Wells Fargo, d/b/a America's Service Company, serviced the loan.

Plaintiffs allege that in 2009, they began the process of obtaining a loan modification. They say they met the requirements, and received a formal approval of the modification in 2010.

America's Service Company mailed out the Loan Modification Agreement and amended mortgage information with an approval letter dated January 13, 2010. According to the letter, Plaintiffs were to sign the agreement and return it within 5 days in order for the loan modification to take effect. However, Plaintiffs say the package arrived in the mail on January 19, 2010– after the 5 day window had already passed.

Plaintiffs say they contacted America's Service Company about the problem. They say America's Service Company told them that as long as they signed the forms and returned them soon, the loan modification would be effective, despite the fact that it was signed and returned after the 5 days.

Plaintiffs say they signed the forms and mailed them back. They also began paying their mortgage loan pursuant to the payment schedule of the new modification agreement. However, Plaintiffs' thought their third payment would be late, so they contacted America's Service Company to see if they could work out a deal. When they did so, America's Service Company informed them that it had not accepted or signed the late Loan Modification Agreement, the modification was not effective, and their home was being foreclosed on.

Plaintiffs say America's Service Company told them to begin an entirely new modification process, which Plaintiffs did. However, America's Servicing Company did not postpone the foreclosure. Before the new modification was approved, the

2

2:11-cv-11501-VAR-RSW   Doc # 9   Filed 06/20/11   Pg 3 of 9   Pg ID 251

foreclosure proceedings were completed, and Plaintiffs' home was sold at a sheriff's sale.

Plaintiff say that the time to redeem their home expired, and they expect to be evicted.  They ask the Court to prevent their eviction by setting aside the sheriff's sale. They allege nine counts against the Defendants: (1) Fraud/ Intentional Misrepresentation; (2) Breach of Contract; (3) Promissory Estoppel; (4) Breach of Public Policy; (5) Silent Fraud; (6) Negligent Misrepresentation; (7) Innocent Misrepresentation; (8) Specific Performance; and (9) Michigan Consumer Protection Act.

Defendants ask the Court dismiss all of the Plaintiffs' claims.

## III.   STANDARD OF REVIEW

### A.   Motion to Dismiss

When reviewing a 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein."  *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)).  Although this standard does not require "detailed factual allegations," it requires more than the bare assertion of legal conclusions unsupported by facts. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-577 (2007).

To survive a motion to dismiss, a complaint must allege enough facts that, if true, show the claim for relief "is plausible on its face." *Id.* at 570.    "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.   ANALYSIS

### A.   Statute of Frauds

Defendants say Counts 1, 2, 3, 5, 6, 7 & 8 of the Complaint are barred by the statute of frauds.

Michigan's statute of fraud requires certain promises to be made in writing to be enforceable.  MCL 566.132(2) says:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
>> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>>
>> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>>
>> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

The Michigan courts interpret this provision broadly to bar all claims against financial institutions to enforce oral agreements, no matter what their label. *See Crown Technology Park v. D&N Bank, FSB,* 242 Mich. App. 538, 550 (Mich. Ct. App. 2000).

To satisfy the statute of frauds, Plaintiffs must show the promise to modify is (1) in writing; and (2) signed with an authorized signature by the financial institution.

The Approval Letter Plaintiffs received states: "This letter is to confirm the formal approval of a loan modification/restructure of your mortgage loan."  It lists the terms of

4

the modification, and instructs Plaintiffs to sign and return the attached Loan

Modification Agreement, along with any required payments.  It also states:

> This proposal is valid for five (5) days from the date of this letter.
> Therefore, it is imperative the modification agreement(s) be executed and
> returned in the enclosed, self-addressed, prepaid, express mail envelope
> along with any payment(s) due as reflected in the terms of this letter.
> Please note, although approved, the normal servicing process will
> continue uninterrupted, unless advised otherwise.

The letter is signed: "Sincerely, America's Servicing Company."

Even if the Court assumes this writing satisfies the statute of frauds, the writing,

by its own terms, is only an offer to modify the loan, which required Plaintiffs to accept

within 5 days of the date of the letter.  Plaintiffs admit they did not do so.  Instead,

Plaintiffs attempt to enforce the modification agreement by showing that Defendants

waived the 5 day acceptance provision.

Plaintiffs say that when they explained to America's Servicing Company why they

could not sign and return the documents within the 5 day period, America's Servicing

Company agreed to waive it.  However, Plaintiffs do not claim there is a writing sufficient

to satisfy the statute of frauds evidencing this promise to waive the provision. Instead,

Plaintiffs argue the statute of frauds does not bar their claims because the Approval

Letter, Loan Modification Agreement, and Forbearance Agreement serve as writings

that, together, contain the essential terms of the modification.

Plaintiffs rely on *Opdyke Investment Co. v. Norris Grain Co.*, 413 Mich. 354

(1982).  In *Opdyke*, the court considered whether several writings, when taken together,

were sufficient to satisfy the statute of frauds and create a question of fact as to whether

a contract existed.  The court held they did because they contained essential terms of

5

the alleged contract, and if a contract existed the terms not addressed in the writings could be proven by parol evidence.

However, Plaintiffs' reliance on *Opdyke* is misplaced. Even if this Court considers all the of writings Plaintiffs identify, the contract to modify the mortgage still relies on the enforcement of an oral promise.  The Plaintiffs submit absolutely no writing evidencing Defendants' waiver of the provision requiring acceptance within 5 days.  While it may be true that America's Servicing Company orally promised to waive this provision, and, in fact, this Court must accept this as true for purposes of this motion, the statute of frauds bars enforcement of this promise.  And, without this promise, Plaintiffs did not comply with the conditions on the face of the writing.  In other words, the Plaintiffs are attempting to enforce an oral promise to modify a clearly defined provision of a written agreement.  This they cannot do pursuant to the statute of frauds.

Thus, the statute of frauds applies to bar the enforcement of the oral promise to waive the 5 day acceptance period, unless Plaintiffs allege facts to avoid this bar.

Plaintiffs attempt to avoid the statute of frauds by invoking the doctrines of equitable estoppel and part performance.  Plaintiffs say Defendants are equitably estopped from denying the existence of the agreement because Defendants induced them to believe the loan modification was effective, and Plaintiffs justifiably relied on their belief that the loan modification was effective.  Moreover, Plaintiffs say they acted in reliance when they sent payments under the modification payment schedule to perform their end of the agreement.

Defendants say that neither equitable estoppel nor part performance is sufficient to avoid the statute of frauds for financial institutions.  However, Defendants cite no

case law supporting this assertion.  Although Defendants rely on *Ajami v. Indymac Mortgage Servs,* 2009 WL 3874680 (E.D. Mich. 2009) to support their claim that equitable estoppel is inapplicable, this case addresses only promissory estoppel, not equitable estoppel.

The Court declines to find that the Plaintiffs, as a matter of law, may not avoid the statute of frauds by proving the elements of equitable estoppel or part performance. The briefs submitted by Defendants do not compel the conclusion that the statute of frauds for financial institutions is so different from Michigan's other statutes of frauds, that the same doctrines traditionally used to avoid statutes of frauds are wholly inapplicable when financial institutions are concerned.

Defendants motion to dismiss these claims based on the statute of frauds is denied.  Although the statute of frauds may apply, the Plaintiffs' allegations, if true, may be sufficient to avoid it.

**B.      Breach of Public Policy Claim**

Defendants say Plaintiffs' breach of public policy claim should be dismissed because Michigan does not recognize this cause of action.  The Court is not convinced. Defendants cite no cases determining that a plaintiff may not, as a matter of law, state a claim for breach of public policy.

 Plaintiffs provide the Court with cases suggesting that Michigan recognizes a cause of action for public policy when it is based on the violation of state statutes. Plaintiffs' claim is rooted in Defendants' alleged violation of Michigan's foreclosure statutes.  Thus, there is some authority that Plaintiff's claim is cognizable under Michigan law.

7

The Court denies Defendants' motion to dismiss Plaintiffs' breach of public policy claim.

Additionally, the Court declines to consider Defendants' motion for summary judgment on this claim.  The parties have not conducted discovery; indeed, Defendants have not even answered the complaint.  This motion for summary judgment is premature.

### C.    Michigan Consumer Protection Act (MCPA)

The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts or practices in the conduct of trade or commerce . . . ." MCL 445.903(1).

Plaintiffs say Defendants violated the MCPA by falsely representing that the loan modification was approved.

Defendants say Plaintiffs' MCPA claim must be dismissed because the MCPA does not apply to transactions involving home mortgages.  The Court agrees.

The MCPA does not apply to "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MCL § 445.904(1)(a).  In interpreting this statutory exemption, the Michigan Court of Appeals found that "residential mortgage loan transactions fit squarely within the exemption," because the defendant was "specifically authorized to make residential mortgage loans under laws administered by a regulatory board or officer acting under statutory authority of the United States." *Newton v. West,* 262 Mich. App. 434, 438-39 (Mich. Ct. App. 2004).

Defendants say they are "national banking associations that are chartered and governed by the National Bank Act and their conduct is governed by federal law."

8

Plaintiff does not dispute this assertion, and fails to defend against Defendants'

argument that the MCPA does not apply to the mortgage modification.

Accordingly, Plaintiffs' MCPA claims are dismissed.

## V.   CONCLUSION

Defendants' Motion for Summary Judgment is **DENIED** without prejudice.

Defendants' Motion to Dismiss is **GRANTED** in part.

Plaintiffs' MCPA claims are dismissed.

The balance of Plaintiffs' claims will proceed; Defendants must answer the

Complaint.

**IT IS ORDERED.**


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 20, 2011

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
June 20, 2011.

s/Linda Vertriest
Deputy Clerk

9