UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL and MARLANA SCHULER,

       Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, INC.,
d/b/a AMERICA'S SERVICING COMPANY
and US BANK NATIONAL ASSOCIATION,
as Trustee for HEAT 2005-9,

       Defendants.
_____/

Hon. Victoria A. Roberts

Case No. 11-11501

**ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment.

(Doc. 22). It is fully briefed.

The Court **GRANTS** Defendants' Motion.

**II.  BACKGROUND**

Plaintiffs' claims center around the alleged wrongful foreclosure of their home.

Plaintiffs allege they bought a home in 2005. In 2008, their mortgage was assigned to

Defendant U.S. Bank National Association, as Trustee for HEAT 2005-9. Defendant

Wells Fargo, d/b/a America's Service Company, serviced the loan.

In 2009, Plaintiffs sought a loan modification following their default on the loan.

Plaintiffs say they met the requirements and received a formal approval of the

modification in 2010. America's Service Company mailed out an unsigned proposed

Loan Modification Agreement ("modification agreement") and amended mortgage information with an approval letter dated January 13, 2010. According to the letter, Plaintiffs were to sign the modification agreement and return it within 5 days in order for it to take effect. However, Plaintiffs say the package arrived in the mail on January 19, 2010. Plaintiffs say they contacted America's Service Company about the problem and that America's Service Company told them that as long as they signed the forms and returned them soon, the loan modification would be effective, despite the fact that it would be signed and returned after 5 days. The Court accepts this for the purpose of this motion.

The proposed modification agreement also required a payment of $2,370.54, which would be applied toward the accrued delinquency and fees and costs that could not be included in the modification. (Doc. 22-6 at 2); (Doc. 24-3 at 2).

Plaintiffs say they signed the forms and mailed them back on January 20, 2010, after the five-day window period in the approval letter. They also made payments pursuant to the loan modification agreement. Plaintiffs say that approximately three months into making their payments, they contacted America's Service Company because they anticipated being late in their next payment. America's Service Company informed Plaintiffs that it had not accepted or signed the late modification agreement, the modification was not effective, and their home was being foreclosed.

Plaintiffs say America's Service Company told them to begin an entirely new modification process, which Plaintiffs have tried to do. Nonetheless, America's Servicing Company did not postpone the foreclosure. Plaintiffs' home was sold at a sheriff's sale on October 20, 2010. The redemption period expired on April 20, 2011.

2

On March 28, 2011, Plaintiffs filed a complaint against the Defendants in Wayne County Circuit Court to prevent foreclosure and rescind the Sheriff's sale, alleging:

(1) Fraud/ Intentional Misrepresentation;

(2) Breach of Contract;

(3) Promissory Estoppel;

(4) Breach of Public Policy;

(5) Silent Fraud;

(6) Negligent Misrepresentation;

(7) Innocent Misrepresentation;

(8) Specific Performance; and

(9) Violation of the Michigan Consumer Protection Act, M.C.L. § 445.903

On April 8, 2011, Defendants removed the case pursuant to 28 U.S.C. §§ 1332 and 1441. On June 20, 2011, this Court dismissed count 9. (Doc. 9).

Defendants move for summary judgment on Plaintiffs' remaining claims. They say that Plaintiffs were not harmed because they never submitted a contribution payment pursuant to the terms of the loan modification agreement; that the statute of frauds bars Plaintiffs' claims; that Plaintiffs' claims based on fraud fail under the future conduct rule; and, that Defendants' offered Plaintiffs a modification opportunity.

**III.   STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v.*

3

*Catrett*, 477 U.S. 317, 322. In reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. If it meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. A fact is "material" if it could affect the outcome of the case based on the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id.* Summary judgment is appropriate if the nonmoving party fails to respond with specific facts showing a genuine issue for trial. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir. 1989). "If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e).

## IV.   ANALYSIS

### A. Harm to the Plaintiffs

Defendants say they are entitled to summary judgment on all of Plaintiffs' claims because – even assuming that a valid oral promise was made by them to accept the modification agreement beyond the original time limit – Defendants did not cause Plaintiffs any harm. Defendants argue Plaintiffs are required to prove that they were

4

harmed as a result of: (1) Defendants' misrepresentations that they would accept the modification; (2) their breach of the agreement to accept the modification; or (3) their breaking of a promise to accept the modification. Defendants say that any harm to Plaintiffs was due to their failure to make the required contribution payment.

Plaintiffs concede they must prove that they suffered harm as a result of Defendants' actions. (Doc. 24 at 11). Nonetheless, they say they were harmed because they were told that they only needed to sign the modification agreement and return it –which they did – for it to be effective and because Defendants did not abide by the modification agreement.

Plaintiffs' argument is unavailing. Even assuming that the oral promise to modify the time for delivery of the modification agreement was valid,such promise did not affect the other provisions of the modification agreement. Indeed, Plaintiff Marlana Schuler stated in her affidavit that she was told not to be concerned with the dates in the modification agreement but to still follow its terms. (Doc. 24-5 at 3, ¶ 10). Therefore, Plaintiffs were still required to comply with the modification agreement's provisions, including the requirement to submit a contribution payment for it to take effect.

It is undisputed that Plaintiffs did not make the required contribution payment. In support of their motion, Defendants submit the affidavit of David Hulet – a paralegal employed by Defendant West Fargo – which states that Plaintiffs never submitted the contribution payment and failed to secure the loan modification. (Doc. 22-5 at 3, ¶ 6).

The Court carefully reviewed the parties' briefs and the evidence, and is unable to find any instance where Plaintiffs dispute Defendants' assertion that they did not

make the contribution payment, either through affidavits or otherwise. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 323.

Despite any modification to the terms regarding delivery time, Plaintiffs' submission of a contribution payment was a required provision without which the modification agreement would not take effect. As Plaintiffs concede, their claims require proof of harm as a result of Defendants' acts in relation to the modification agreement. Because failure to submit a contribution payment precluded their effective entry into the modification agreement, Plaintiffs cannot establish they suffered any harm due to Defendants' acts. Harm is an essential element of their claims.

Plaintiffs' claims fail as a matter of law, and Defendants are entitled to summary judgment. The Court need not address the parties' additional arguments.

## IV.   CONCLUSION

The Court **GRANTS** Defendants' Motion for Summary Judgment.

**IT IS ORDERED**.

        /s/ Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated:  October 12, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 12, 2012.

S/Linda Vertriest
Deputy Clerk